

IN THE UNITED STATES DISTF
FOR THE NORTHERN DISTRIC
DALLAS DIVISION

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 2 5 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

MICHAEL CONE, On Behalf of §
Himself and All Others Similarly §
Situated, §
§
    Plaintiff, §
§
v. §
§
DEKRA EMISSION CHECK, INC., §
§
    Defendant. §
_____/

CIVIL ACTION NO.  3-04-CV-1191-B

## ORDER APPROVING SETTLEMENT OF COLLECTIVE ACTION AND APPROVING NOTICE OF SETTLEMENT AND OPPORTUNITY TO CHALLENGE COMPUTATION OF SETTLEMENT SHARE

WHEREAS, on or about May 4, 2004, Plaintiff Michael Cone (the "Named Plaintiff") commenced this civil action (the "Action") by filing a complaint against Dekra Emission Check, Inc. ("DEKRA"), and subsequently filed a second amended complaint on or about September 16, 2004; and

WHEREAS the Named Plaintiff brought the Action on behalf of himself and other similarly-situated individuals pursuant to 29 U.S.C. § 216(b); and

WHEREAS the complaint alleged that DEKRA violated Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by failing to pay overtime compensation and regular hourly wages to individuals employed as Lane Managers, Station Managers and Inspectors, without regard to precise title, during the three years preceding the date the Action was commenced (the "relevant time frame") up to present; and

WHEREAS DEKRA denies the allegations of wrongdoing and violations of law contained in the complaint and any liability whatsoever to the Named Plaintiff, the Opt-In Plaintiffs, or to any other similarly-situated individuals, and contends that it has acted properly under all the circumstances; and

WHEREAS the Court makes and has made no findings that DEKRA has engaged in any wrongdoing or in any wrongful conduct or otherwise acted improperly or in violation of any law, duty, or regulation in any respect; and

WHEREAS material issues of fact and substantive questions of law are actually in dispute between the parties; and

WHEREAS Plaintiff's Counsel and counsel for DEKRA have had extensive discussions concerning a resolution of the issues raised in the Action and have proposed a settlement of those issues in the Parties' Joint Motion For Order Approving Settlement Of Collective Action Settlement And Approving Notice Of Settlement And Opportunity To Challenge Computation Of Settlement Share; and

WHEREAS the Court has determined that the settlement proposed by the parties is a fair and equitable resolution of a bona fide dispute; and

WHEREAS the parties have consented to the entry of this Order and the Court has given the matter due deliberation;

IT IS HEREBY ORDERED that the settlement by, between, and among the Parties, as set forth and embodied in the Agreement, a copy of which is attached hereto as Exhibit 1, is hereby approved, and it is further

ORDERED that, within the time frame and in the manner provided in the Agreement, the parties will cause the Settlement Administrator to mail or cause to be mailed to all potential opt-in Plaintiffs as defined therein a Notice Of Settlement And Opportunity To Challenge Computation Of Settlement Share, substantially in the form of the notice attached to the Agreement; and it is further

ORDERED that the opt-in Plaintiffs will have an opportunity to challenge the dates of their employment within the time frame and in the manner provided in the Agreement; and it is further

ORDERED that, as soon as reasonably practicable after six months have expired after the issuance of the last Settlement Check, unless such time is extended or shortened by agreement of the Parties or this Court, Plaintiffs' counsel will certify that all amounts under the settlement, less any amounts withheld or required to be deducted by law, have been paid to the named Plaintiff and opt-in Plaintiffs and the Parties jointly will move the Court for entry of an Order of Dismissal dismissing the Action in its entirety with prejudice.

Dated: _April 25_, 2005

_____
United States District Judge

Dallas:144302.2 048288.1002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL CONE, On Behalf of Himself and All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  3-04CV-1191B |
| v. | § § | |
| DEKRA EMISSION CHECK, INC., | § § § | |
| Defendant. | § § | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between, on the one hand, plaintiff Michael Cone, and opt-in plaintiffs Jason Thomas, Michael Kutz, David Hunter, Josiah Reed, and Ashley Reed (the "Named Plaintiffs") on behalf of themselves and all other current or former employees who were employed by DEKRA Emission Check, Inc. as Lane Managers and/or Managers and/or Inspectors, without regard to precise title, in stores located within the United States, from January 17, 2003 to March 14, 2005 (the "Relevant Time Period") and who timely file a Consent to Join Form as set forth in Attachment 1 ("Qualified Claimants") and DEKRA Emission Check, Inc., its attorneys, and past, present, and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries and privies ("DEKRA"), subject to Court approval.

DEKRA and the Named Plaintiffs (collectively the "Settling Parties") do hereby agree to do all things and procedures necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by DEKRA of the consideration expressed herein subject to the

terms, conditions and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims of failure to pay overtime compensation and off-the-clock work for work performed as a Lane Manager and/or Station Manager and/or Inspector by the Named Plaintiffs and Qualified Claimants as set forth in Sections VI and VII; and (c) other valuable monetary and nonmonetary consideration as set forth herein.

## I.    CONSENT TO COURT FACILITATED NOTICE

A.    For settlement purposes only, the Settling Parties agree that "Potential Opt In Plaintiffs" are defined as: "All individuals employed as: (1) Lane Managers and/or Station Managers and/or Inspectors, without regard to precise title, in any DEKRA store located in the United States, on or after January 17, 2003 until the present." For settling purposes only, the parties further agree that the Named Plaintiffs and the Potential Opt In Plaintiffs are similarly situated for purposes of 29 U.S.C. § 216(b) and consent to Court facilitated notice to the Potential Opt In Plaintiffs.

B.    This Agreement is contingent upon approval by the Court and is entered into voluntarily by the Settling Parties for settlement purposes only. DEKRA does not waive, and instead expressly reserves, its rights to challenge the propriety of whether similarly situated Lane Managers and/or Station Managers and/or Inspectors exist and whether they should be provided with Court facilitated notice pursuant to 29 U.S.C. § 216(b) should the Court not approve this Agreement.

C.    The Settling Parties shall cooperate and present to the Court for its consideration in connection with the approval of the Settlement Agreement and Court facilitated notice competent evidence as may be requested by the Court under the appropriate standards for approving FLSA settlements and/or facilitated notice.

D.      The Settling Parties agree that Settlement Services, Inc. shall serve as Claims Administrator for this case unless the Plaintiffs' Counsel and DEKRA agree to a different Claims Administrator.

E.      Neither the Named Plaintiffs nor Plaintiffs' Counsel shall distribute any press release, make any statements to the press, or hold any press conference related in any way to the Settlement.   Notwithstanding the above, the Named Plaintiffs and Class Counsel may (1) in response to questions from Potential Opt In Plaintiffs, or their counsel; (2) as required by law; or (3) as permitted under the terms of this Agreement, comment regarding the specific terms of this Agreement.   Class Counsel shall not place anything on their websites, promotional materials and/or resumes related to the Settlement.

## II.      SETTLEMENT APPROVAL PROCEDURE

This Agreement will become final and effective upon occurrence of all of the following events:

A.      Execution of the Agreement by the Settling Parties and their respective counsel of record.

B.      DEKRA's verification in writing of the inclusive dates of employment of each Potential Opt In Plaintiff during the period from January 17, 2003 to the present.

C.      Submission of this Agreement to the Court for approval.

D.      Entry of an Order by the Court granting approval of this Agreement.

E.      Court approval of the Notice set forth in Attachment 2 advising Potential Opt In Plaintiffs of material terms and provisions of this Agreement, the procedure for filing Consent to Join Forms, and their rights with respect thereto and the Consent to Join Form.

F.      Written verification by the Court-approved Claims Administrator that the Notice to Potential Opt In Plaintiffs has been disseminated in accordance with the Court's Order. The Notice to Potential Opt In Plaintiffs will be mailed by first-class mail to the most recent address known or reasonably determinable for each Potential Opt In Plaintiff within twenty (20) days after approval of the settlement or on May 1, 2005, whichever is later.   The Claims Administrator shall promptly attempt to locate, using a computer and/or other search using the Social Security number of the individual involved, any such Potential Opt In Plaintiff for whom any mailed notice is returned as undeliverable.

## III.     EFFECT OF NONAPPROVAL

In the event that any of the conditions specified in Section II of this Agreement are not satisfied, or in the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by this Agreement, including, but not limited to, the stipulation that Potential Opt In Plaintiffs are similarly situated to the Named Plaintiffs under 29 U.S.C. § 216(b), this Agreement and the releases contained herein shall be null and void.  In such event, nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; and the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation as if this Agreement never existed.

## IV.     MODE, CALCULATION AND TIMING OF PAYMENT OF CLAIMS

### A.     Notice of Claims and Challenge Procedure

Within thirty (30) days of Court approval of this Agreement or on June 1, 2005, whichever is later, the Claims Administrator shall mail the Consent to Join Form, Notice and Computation of Share and Challenge Form, attached as Attachments 1, 2, and 3, to the last known address, according to DEKRA's records, of each Potential Opt In Plaintiff.  If any such

notice is returned as undeliverable, the Claims Administrator shall promptly attempt to locate the person involved using a computer and/or other search using the Social Security number and/or former address of that person.   Each Notice that the Claims Administrator sends or causes to be sent to a Potential Opt In Plaintiff will provide the number of complete weeks the Potential Opt In Plaintiff was employed as a Lane Manager and/or Station Manager and/or Inspector during the Relevant Time Period based on information contained in DEKRA's payroll records; and the formula for determining that person's share of the settlement.   Potential Opt In Plaintiffs will be informed that in order to receive a share of the settlement proceeds they must mail a Consent to Join Form to the Claims Administrator so that it is postmarked on or before thirty (30) days of the date the first notice was mailed to the Potential Opt In Plaintiffs' last known address. Potential Opt In Plaintiffs who timely return a Consent to Join Form and who worked as a Lane Manager and/or Station Manager and/or Inspector during the Relevant Time Period will be considered Qualified Claimants entitled to a monetary payment as set forth in Section IV.C., below.

**B.**     **Disputed Claims**

If a Potential Opt In Plaintiff believes in good faith that the number of complete weeks that he or she worked as a Lane Manager and/or Station Manager and/or Inspector during the Relevant Time Period in any DEKRA store located anywhere in the United States as stated in the Computation of Share and Challenge Form are incorrect, that person may return the Computation of Share and Challenge Form to the Claims Administrator, stating on that form the dates he or she believes are correct and authorizing the Claims Administrator to review his or her DEKRA personnel files to determine such information.   Any such claim challenge must be postmarked on or before thirty (30) days from the date of the initial mailing to the last known address of the Potential Opt In Plaintiff.    Upon timely receipt of any such claim challenge, the Claims Administrator, in consultation with counsel for the Settling Parties, will review the pertinent personnel records showing the dates the individual involved was employed as a Lane Manager and/or Station Manager and/or Inspector which personnel records DEKRA has agreed to make

available for this purpose. After consulting with counsel for the Settling Parties, the Claims Administrator shall compute the number of complete weeks worked to be used in computing the individual's settlement share. In the event there is a dispute between the dates an individual claims he or she was a Lane Manager and/or Station Manager and/or Inspector and the dates indicated by DEKRA's pertinent records, the information in DEKRA's records will control. The Claims Administrator's decision as to dates of employment as a Lane Manager and/or Station Manager and/or Inspector shall be final and unappealable. The Claims Administrator shall send written notice of its decision on any such claim challenge to the claimant and to counsel for the Settling Parties. Claim challenges received after the date set forth in Section IV.B. are conclusively untimely and invalid. The Claims Administrator shall send written notice of rejection to any such challenge. After processing and determining the validity of all claim challenges, the Claims Administrator shall provide DEKRA and Plaintiffs' Counsel with the final list of all Qualified Claimants and the number of weeks worked as a Lane Manager and/or Station Manager and/or Inspector during the Relevant Time Period.

C.   **DEKRA's Payment Obligations**

1.     Within forty (40) days of approval of this Agreement by the District Court, DEKRA shall place One Hundred Thousand and No/100 Dollars ($100,000.00) into a Settlement Fund to be administered by DEKRA (the "Maximum Settlement Fund"). This Maximum Settlement Fund shall be used:

(a)     to pay the Named Plaintiffs a total amount of Fifteen Thousand One Hundred Forty-Two and 82/100 Dollars ($15,142.82) in accordance with the provisions of this section;

(b)     to pay Qualified Claimants their share of Thirty-Seven Thousand Eight Hundred Fifty-Seven and 14/100 Dollars ($37,857.14) ("Claimant Fund") (The Named Plaintiffs shall not share in the Claimant Fund and shall not receive and/or be entitled to any other award besides that which is specified in Section IV.C1(a) above and Section IV.C.2 below);

(c)     to pay the Employer's share of FICA, Medicare, and any relevant state taxes for the payments to be made pursuant to this Agreement to the Named Plaintiffs and Qualified Claimants;

(d)     to pay Seven Thousand Dollars ($7,000.00) in costs to Plaintiffs' attorneys. This payment includes all costs incurred by Plaintiff during the pendency of this litigation up to the date that the Court dismisses this action with prejudice, and one-half (1/2) of the costs incurred by the Claims Administrator for providing notice to Potential Opt-Ins, for administering the claims process, and for supervising the payment of claims under this Agreement.

(e)     to pay Forty Thousand Dollars ($40,000.00), which represents forty percent (40%) contingency fee to Plaintiffs' Counsel for all attorneys' fees incurred in representing the Named Plaintiffs and Qualified Claimants in this matter from its investigation through court approval and the administration of the Agreement. This payment includes all costs of providing legal advice to Potential Opt Ins regarding the terms of the Settlement and the release of claims contained therein, for answering questions from Potential Opt Ins, and for providing representation to the plaintiffs and opt in plaintiffs in this action.

2.     Within fifteen (15) days of submission of the final Qualified Claimants list to DEKRA and Plaintiffs' counsel, DEKRA shall pay Plaintiff Cone Three Thousand Twenty-Eight Dollars and Fifty-Seven Cents ($3,028.57), Plaintiff Thomas Four Thousand Two Hundred Forty Dollars ($4,240.00), Plaintiff Hunter Three Thousand Four Hundred Eighty-Two Dollars and Eighty-Six Cents ($4,482.86), Plaintiff Chris Reed One Thousand Sixty Dollars ($1,060.00), Plaintiff Kutz One Thousand Sixty Dollars ($1,060.00), and Plaintiff Ashley Reed Two Thousand Two Hundred Seventy-One Dollars and Forty-Three Cents ($2,271.43), minus appropriate federal income tax, FICA and Medicare withholding on one-half (1/2) of the settlement amounts (with the remaining one-half (1/2) designated as liquidated damages) for releasing any and all claims under any theory of law, contract, statute, or regulation that they

<u>have or may have had that predate this Agreement,</u> including, but not limited to, alleged claims of failure to pay overtime and off-the-clock work and retaliation claims under the FLSA and the Texas Payday Law. DEKRA shall pay its share of any FICA and Medicare payments from the Settlement Fund.

3.      Within fifteen (15) days of submission of the final Qualified Claimants list to DEKRA and Plaintiffs' Counsel, the Claims Administrator shall mail a check which will be provided by DEKRA, to each Qualified Claimant in an amount equal to their share of the Qualified Claimant Fund after the payments for the expenses of the employer's share of FICA, Medicare, and relevant state taxes, and any expenses of the fund are deducted from the Claimant Fund. Each Qualified Claimant's share of the Claimant Fund shall be derived pursuant to the following formula:

(a)      Each Qualified Claimant shall receive a prorated share of the Claimant Fund based on the number of weeks the Qualified Claimant worked as a Lane Manager and/or Station Manager and/or Inspector during the Relevant Time Period divided by the total number of weeks worked by all Qualified Claimants times the Claimant Fund.

4.      Appropriate state and/or federal income tax, FICA and Medicare withholding for each Qualified Claimant and Named Plaintiff shall be withheld from one-half (1/2) each claimant's award check with the remaining one-half (1/2) designated as liquidated damages. DEKRA shall pay the employer share of such FICA, Medicare and any relevant state tax payments from the Claimant Fund. DEKRA shall also be responsible for transferring such funds and for providing each taxing authority with appropriate notice of the state and federal withholding amounts and for providing the Qualified Claimants with a W-2, 1099 forms and/or other appropriate state or federal notice regarding the withholdings done pursuant to this Section, and/or filing any tax returns required for the Settlement Fund.

5.      The Claims Administrator shall distribute the monetary payments to Qualified Claimants by mailing the checks, which will be provided by DEKRA, by first-class mail to each

Qualified Claimant.  If any such mailing is returned as undeliverable, the Claims Administrator shall promptly attempt to locate the Qualified Claimant, using a computer and/or other search using the Social Security number of the individual involved.  Any settlement check that remains undeliverable or is not cashed after one hundred eighty (180) days following its issuance shall be cancelled and voided, and the aggregate amount of such cancelled and voided checks minus any expenses, administrative costs, and tax obligations of the Settlement Fund, shall be returned to DEKRA.

## V.   ACCOUNTING AND FINAL REPORT TO THE COURT

Within six (6) months of the date this Agreement is approved by the district court, or at such other later date as the Court may set, the Claims Administrator shall prepare a report, which Plaintiffs' Counsel shall file with the Court, certifying all required payments have been made to Qualified Claimants and to the Named Plaintiffs.

## VI.   RELEASE BY NAMED PLAINTIFFS

In exchange for the considerations recited in this Agreement, each Named Plaintiff does hereby and forever release, acquit, discharge and covenant not to sue DEKRA, which includes its attorneys and past, present and future divisions, affiliates, predecessor, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies for any and all actions, causes of action, suits, claims, liens, demands, damages, controversies and liabilities of any kind whatsoever (based upon any legal or equitable theory, whether contractual, common law, statutory, federal, state or otherwise) whether known or unknown, suspected, anticipated or unanticipated, which they have, ever had, or hereafter may claim to have, against DEKRA for all claims that predate the date Cone, Thomas, Hunter, Chris Reed, Kutz, and Ashley Reed sign this Settlement Agreement, including but not limited to those claims that were alleged, could have been alleged, or may be based in whole or in part upon, or do or may arise out of, or are or may

be related to or in any way connected with the claims, actions or causes of action which were alleged or stated, or the facts, matters, transactions, or occurrences referred to in the civil complaint filed with the Court as a collective action entitled, *Cone v. DEKRA Emission Check, Inc.,* in the United States District Court for the Northern District of Texas. This release also includes but is not limited to any claims arising under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 and 1871, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Employee Retirement Income Security Act, as amended, 42 U.S.C. § 1981, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Texas Commission on Human Rights Act, and all other local, state or federal laws relating to discrimination, wage and hour, compensation, denial or termination of any health benefit or benefits of any other kind, or any claims of breach or violation of public policy, wrongful, retaliatory or constructive discharge, common law retaliation, promissory estoppel, fraud, fraudulent misrepresentation or concealment, fraudulent inducement, invasion of privacy, breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, outrageous conduct, negligence, negligent misrepresentation or concealment, wrongful or bad faith termination, retaliation, negligent hiring, training and supervision, wanton hiring, training and supervision, defamation and other business or personal injury, or any other claims or rights to damages, whether contractual, liquidated, compensatory, exemplary, or punitive, or rights to or claims for injunctive or equitable relief, or rights to or claims for expenses, costs, fees, attorneys' fees, and all losses of any kind whatsoever. All such claims, if any, are hereby compromised, settled, and extinguished in their entirety.

## VII. <u>RELEASE BY QUALIFIED CLAIMANTS</u>

In exchange for the considerations recited in this Agreement, each Qualified Claimant

does hereby and forever release, acquit, discharge and covenant not to sue DEKRA, which includes its attorneys, present and future divisions, affiliates, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, d/b/a's, and subsidiaries for any and all wage and hour and compensation claims, including but not limited to, DEKRA's alleged failure to pay overtime and/or off-the-clock work and/or failure to pay proper wages/bonus/commission (based upon any legal or equitable theory, whether contractual, common law, statutory, federal, state, municipal or otherwise) for work performed in any position, including but not limited to, as a Lane Manager and/or Station Manager and/or Inspector from the earliest date of the Qualified Claimant's employment (including any employment with any subsidiaries, parents, d/b/a's, related entities, predecessors, or company that were acquired by DEKRA) until the date that each respective Qualified Claimant executes a Consent to Join Form.

## VIII.  TERMS OF SETTLEMENT

As a result of the arm's-length negotiations over several sessions beginning in June 2004 and culminating in a tentative agreement in principle on or about January 26, 2005, a settlement of the issues raised in this action was reached which is memorialized in this Agreement.

## IX.  NOTICES

All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally or mailed, postage prepaid, by first-class mail to the undersigned persons at their respective addresses as set forth herein:

Counsel for Plaintiffs:          Jeremi Young, Esq.
                                 Rasansky Law Firm

2525 McKinnon, Suite 725
Dallas, Texas 75201

Counsel for DEKRA:      Robert F. Friedman, Esq.
Littler Mendelson, P.C.
2001 Ross Avenue, Suite 2600
Dallas, Texas 75201.2931

## X.   REPRESENTATION BY COUNSEL

All of the Settling Parties acknowledge that they have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

## XI.   NO ADMISSION OF LIABILITY

The Settling Parties acknowledge and agree that liability for the actions which are the subject matter of this Agreement is disputed by the Settling Parties. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Settling Parties to this Agreement. The Settling Parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Settling Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute.

## XII.   MODIFICATION OF AGREEMENT

This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Settling Parties and as approved by the Court.

## XIII.   FURTHER COOPERATION

The Settling Parties and their respective attorneys shall proceed diligently to prepare and

execute all documents, to seek the necessary Court approvals, and to do all things reasonably necessary or convenient to consummate the Agreement and settlement as expeditiously as possible.

## XIV. CONSTRUCTION AND INTERPRETATION

This Agreement constitutes the entire agreement between the Settling Parties. Except as expressly provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary or contradict their terms. In entering into this Agreement, the Settling Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence. This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of Texas, both in its procedural and substantive aspects, and without regard for the principle of conflict of laws, and shall be subject to the continuing jurisdiction of the United States District Court for the Northern District of Texas. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement and/or the written memorandum of understanding, or any specific term or condition thereof. The Named Plaintiffs and DEKRA participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of independent counsel. As such, neither the Named Plaintiffs, nor DEKRA may claim that any ambiguity in this Agreement should be construed against the other. If the Named Plaintiffs or any Qualified Claimant files suit or brings any other legal proceedings against DEKRA on any claim that is relieved in this Agreement, that Named Plaintiff and/or

Qualified Claimant shall be liable to DEKRA for any attorneys' fees, expert witness fees, and costs of court incurred by DEKRA.

## XV. COUNTERPARTS

This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement. All counterparts of any such document together shall constitute one and the same instrument.

## XVI. BINDING EFFECT

This Agreement is binding upon and shall inure to the benefit of the Settling Parties to this Agreement and the Qualified Claimants who opt-in to the lawsuit, as well as their respective attorneys, and past, present and future divisions, predecessors, successors, shareholders, officers, directors, employees, agents, trustee, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies. Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of the Named Plaintiffs and all Qualified Claimants.

## XVII. ATTORNEY FEES-COSTS AND EXPENSES

Within fifteen (15) days of the establishment of the Maximum Settlement Fund, as described in Section IV.C.1., above, DEKRA shall pay Plaintiffs' Counsel its attorneys' fees, costs and expenses as set forth in Section IV.C.1(e). Except as otherwise specifically provided herein, the Settling Parties and all Qualified Claimants shall bear responsibility for their own attorney fees, costs and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any party to this Agreement.

## XVIII.  AUTHORITY OF COUNSEL

Counsel for the Named Plaintiffs, identified below, warrant and represent that they are expressly authorized by the Named Plaintiffs to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms.  Counsel for DEKRA warrant and represent that they are authorized to take all appropriate action required or permitted to be taken by DEKRA pursuant to this Agreement in order to effectuate its terms.

## XIX.  CONTINUING JURISDICTION

The United States District Court for the Northern District of Texas shall have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement; to supervise the administration and distribution of the resulting settlement funds; and to hear and adjudicate any dispute or litigation arising from this Agreement or the issues of law and facts asserted in the collective action litigation until a final order of dismissal is signed by this Court.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

## THE NAMED PLAINTIFFS AND COUNSEL FOR THE NAMED PLAINTIFFS AND POTENTIAL OPT IN PLAINTIFFS:

DATED: _____    By _____
                                                Michael Cone
                                                Named Plaintiff

DATED: _____    By _____
                                                Jason Thomas
                                                Named Plaintiff

DATED: _____    By _____
                                                David Hunter
                                                Named Plaintiff

DATED: _____     By _____
                                 Chris Reed
                                 Named Plaintiff


DATED: _____     By _____
                                 Mike Kutz
                                 Named Plaintiff


DATED: _____     By _____
                                 Ashley Reed
                                 Named Plaintiff


DATED: _____     Rasansky Law Firm
                             2525 McKinnon, Suite 725
                             Dallas, Texas 75201


                             By _____
                                 Jeremi Young

                             Attorneys for Plaintiffs and Potential Opt In
                             Plaintiffs

**DEFENDANT DEKRA EMISSION CHECK, INC. AND COUNSEL FOR DEKRA EMISSION CHECK, INC.:**


DATED: _____     DEKRA EMISSION CHECK, INC.


                             By _____
                                 Scott Rhudy
                                 Vice President, Finance & Operations

DATED: _____     LITTLER MENDELSON, P.C.
                             2001 Ross Avenue, Suite 2600
                             Dallas, Texas 75201.2931


                             By _____
                                 Robert F. Friedman

                             Attorneys for Defendant DEKRA Emission
                             Check, Inc.

## CONE V. DEKRA EMISSION CHECK, INC. CONSENT TO JOIN FORM

1. I understand that this lawsuit is being brought under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. I hereby consent, agree, and opt-in to become a plaintiff herein. I agree to be bound by any adjudication of this action by the Court. I further agree to be bound by the collective action Settlement Agreement agreed to between the plaintiff and DEKRA Emission Check, Inc. ("DEKRA"), which has been recommended by plaintiff's attorneys and approved by the Court as fair, adequate, and reasonable.

2. I have read the release contained in the Notice of Settlement and in consideration for receiving a monetary payment in this case agree to be bound by the terms of that release and release any claims against DEKRA that I have or may have had under any theory of law (based upon any legal or equitable theory, whether contractual, common law, statutory, federal, state, municipal or otherwise) for DEKRA's alleged failure to pay regular hourly wages and/or overtime to me in any position including but not limited to, as a station manager, lane manager and/or inspector, without regard to precise title (including any alleged failure for working off-the-clock in any position and any failure to properly or accurately compute and pay wages, commission, bonus, and regular hourly pay) from the earliest date of my employment (including any employment with any subsidiaries, parents, d/b/a's, related entities, predecessors, or companies that were acquired by DEKRA) until the date I sign this form.

3. I hereby designate the Rasansky Law Firm to represent me in this action. I understand that the Settlement Agreement in this case provides for a fee to these attorneys and that I will not have to pay them any additional compensation for their representation.

_____          _____
Signature                                 Date

_____          _____
Print or Type Name                        Street Address

_____          _____
Social Security Number                    City, State, Zip

(_____)_____          (_____)_____
Home Phone                                Work Phone

Dallas:142993.4 048288.1002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL CONE, On Behalf of Himself and All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3-04-CV-1191-B |
| v. | § § | |
| DEKRA EMISSION CHECK, INC., | § § | |
| Defendant. | § § / | |

## NOTICE OF SETTLEMENT AND OPPORTUNITY TO FILE CONSENT TO JOIN FORM

To:  All persons who were employed by DEKRA Emission Check, Inc. in the United States in the position of Lane Manager and/or Station Manager and/or Inspector for any period of time between January 17, 2003 and March 14, 2005.

Re:  Wage and Hour Settlement regarding DEKRA's alleged failure to pay overtime compensation, off-the-clock work, clocking policies and failure to properly calculate regular hourly rate of pay.

### PLEASE READ THIS NOTICE CAREFULLY
### IT MAY AFFECT YOUR LEGAL RIGHTS

## I. INTRODUCTION

This Notice is being sent to you pursuant to Court Order to inform you that DEKRA Emission Check, Inc. ("DEKRA") has agreed to voluntarily settle a collective action in which the plaintiff asserted that DEKRA violated the Fair Labor Standards Act by failing to pay overtime compensation and working employees off-the-clock to Lane Managers and/or Station Managers and/or Inspectors who were employed in the United States for any time period between January 17, 2003 and March 14, 2005 (the "Relevant Time Period"). You have received this Notice because DEKRA's records indicate that you were employed as a Lane Manager and/or Station Manager and/or Inspector in a DEKRA store located in the United States during the Relevant Time Period. If this information is correct and you timely file a Consent To Join Form,

-1-

you will be entitled to monetary compensation under the settlement.

THIS NOTICE IS TO INFORM YOU OF:

- THE STATUS OF THE LAWSUIT, INCLUDING YOUR RIGHTS WITH RESPECT TO THE SETTLEMENT OF THE CASE;

- YOUR OPPORTUNITY TO FILE A CONSENT TO JOIN FORM ALLOWING YOU TO PARTICIPATE IN THE SETTLEMENT; AND

- YOUR OPPORTUNITY TO CHALLENGE YOUR DATES OF EMPLOYMENT AS A LANE MANAGER AND/OR STATION MANAGER AND/OR INSPECTOR AT DEKRA THAT ARE LISTED ON YOUR CONSENT TO JOIN FORM, WHICH IS ENCLOSED.

## II. DESCRIPTION OF THE LAWSUIT

On or about September 16, 2004, a former DEKRA employee, Michael Cone, filed a second amended complaint in the United States District Court for the Northern District of Texas, in Dallas, Texas against DEKRA alleging that he and others similarly situated were employed by DEKRA as Lane Managers and/or Station Managers and/or Inspectors, without regard to precise title, and were denied overtime compensation for hours they worked in excess of forty (40) hours per week. Plaintiff alleges that DEKRA violated the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., by failing to properly pay him and those similarly situated regular hourly wages and overtime compensation for all hours worked in excess of forty (40) per week by working him off-the-clock, by deducting sums from his commission/bonus, and by not properly calculating his regular rate. Plaintiff sought payment of hourly wages and overtime compensation for hours worked in excess of forty (40) hours per week and any off-the-clock work, plus an award of reasonable attorneys fees, costs and expenses, and such other relief as the Court may deem proper.

DEKRA denied and continues to deny the allegations in Plaintiff's complaint and contends that its wage and hour and pay policies and procedures regarding the payment of overtime wages, hourly wages, and commissions and bonuses to Lane Managers and/or Station Managers and/or Inspectors were proper and in compliance with the law. There has been no finding of any wrongdoing by DEKRA. Nevertheless, to avoid costly, disruptive, and time-consuming litigation, DEKRA negotiated, and without admitting any wrongdoing or liability, agreed to this settlement with the plaintiff. DEKRA is committed to the settlement and will not retaliate against you in any manner if you participate in the settlement by filing a Consent To Join Form.

On _____, 2005, the Court approved the Settlement Agreement, Notice, and

Consent to Join Form as being a fair and reasonable settlement of the overtime pay and other wage claims raised in the Complaint.   The Plaintiff's Attorneys believe that the settlement is fair, reasonable and in the best interests of the plaintiff and all potential opt in plaintiffs.

## III. <u>TERMS OF THE SETTLEMENT AGREEMENT</u>

DEKRA has agreed to pay $100,000 into a Settlement Fund to resolve all claims raised in this lawsuit.  This fund will be used to pay the named Plaintiff, the opt-in plaintiffs who have already opted into this lawsuit, and Qualified Claimants who file timely Consent to Join Forms pursuant to this Notice, to pay the employer's and employee's share of all relevant withholding and payroll taxes, to pay a sum of the administrative costs, expenses, and tax obligations of the fund, to pay Plaintiff's attorneys fees, costs, and expenses in this action, including costs and fees associated with Plaintiff's share of the administration of the settlement described in Section VI, below.

The portion of the Settlement Fund designated to pay the Qualified Claimants is called the Claimant Fund.  If you timely file a Consent To Join Form and you are determined to be a Qualified Claimant, DEKRA has agreed to a pay you a pro rata share of the Claimant Fund based on the number of complete weeks you worked as a Lane Manager and/or Station Manager and/or Inspector relative to the total number of complete weeks worked during the Relevant Time Period of all Qualified Claimants, who file timely Consent to Join Forms in this action. The amount you will receive ultimately depends on how many complete weeks you worked during the Relevant Time Period and how many qualified claimants join this settlement.

**If you wish to participate in the settlement of this case, you must mail the enclosed Consent To Join Form postcard so that it is postmarked on or before _____.** No late Consent To Join Forms will be considered.  If you do not wish to participate in this settlement, you do not need to do anything and you will automatically be excluded from the settlement.

This brief and general summary of the Settlement Agreement in this Notice does not include all of the terms and conditions of the proposed settlement.  The only complete statement of the terms of the Settlement Agreement is found in the actual Settlement Agreement, which was approved by the Court on _____.  Copies of the Settlement Agreement are available from the Plaintiff's Attorneys.  You may also inspect the Court files at the Office of the Clerk of the United States District Court for the Northern District of Texas, 1100 Commerce St., 13th Floor, Dallas, Texas  75242.  **PLEASE DO NOT CALL OR CONTACT THE COURT.**

## IV. <u>OPPORTUNITY TO FILE A CONSENT TO JOIN FORM AND/OR TO CHALLENGE YOUR EMPLOYMENT DATES</u>

**If you wish to participate in the settlement of this case, you must complete and return the enclosed Consent To Join Form postcard so that it is postmarked on or before**

-3-

_____. You should use the enclosed pre-addressed postcard for mailing your claim form to: DEKRA Claims Administrator, P.O. Box _____, **Tallahassee, Florida 32302-**_____. If your Consent To Join Form is not postmarked on or before _____ ___, 2005, you will not be able to participate in the settlement of this case.  **No late Consent To Join Forms will be considered.**

The enclosed Computation of Share and Challenge Form sets forth the dates that DEKRA's employee database indicates that you worked as a Lane Manager and/or Station Manager and/or Inspector during the Relevant Time Period of this case.  If you wish to participate in the settlement of this case, but do not believe that the dates listed on the Computation of Share and Challenge Form for your employment as a Lane Manager and/or Station Manager and/or Inspector are accurate, and you wish to challenge these dates, you must state under penalty of perjury on the Computation of Share Form the dates you believe you were employed as a Lane Manager and/or Station Manager and/or Inspector and sign and return the Computation of Share and Challenge Form so that it is postmarked on or before _____ ___, 2005. No late Computation of Share and Challenge Forms will be considered.

If you return your Consent To Join Form to the Claims Administrator so that it is postmarked on or before _____ ___, 2005, and you do not challenge the dates of your employment as a Lane Manager and/or Station Manager and/or Inspector during the Relevant Time Period, the Claims Administrator will assume that the dates of employment listed on your Computation of Share and Challenge Form are correct and your settlement payment will be based on these dates.

If you return your Consent to Join Form and your Computation of Share and Challenge Form so that they are postmarked on or before _____ ___, 2005, and indicate that you wish to challenge the dates of your employment as a Lane Manager and/or Station Manager and/or Inspector, the Claims Administrator, in consultation with counsel for the parties, will review your DEKRA personnel records to determine if the dates of employment you claim on your Computation of Share and Challenge Form are correct.  Your submission of a Computation of Share and Challenge Form challenging the dates of your employment as a Lane Manager and/or Station Manager and/or Inspector will be your authorization of such a review of your personnel records by the Claims Administrator and counsel for the parties. The Claims Administrator will determine the number of complete weeks you worked as a Lane Manager and/or Station Manager and/or Inspector during the Relevant Time Period after reviewing your DEKRA personnel records showing your dates of employment as a Lane Manager and/or Station Manager and/or Inspector and after consulting with the attorneys for the plaintiffs and DEKRA.  Your settlement payment may be increased or decreased as a result of this process.  The Claims Administrator's decision regarding the dates you were employed as a Lane Manager and/or Station Manager and/or Inspector will be based upon information contained in your DEKRA personnel records and/or DEKRA's computerized records.  The Claims Administrator's decision will be final, binding and unappealable.

-4-

## V.  BINDING EFFECT AND RELEASE OF CLAIMS

If you mail your Consent To Join Form so that it is postmarked on or before _____ ____, 2005, you will be bound by the terms of the Settlement Agreement, you will release DEKRA for any and all claims you have or may have had under any theory of law (based upon any legal or equitable theory, whether contractual, common law, statutory, federal, state, municipal, or otherwise) regarding DEKRA's alleged failure to pay you overtime for work performed in any position, including but not limited to, as a lane manager, station manager and/or inspector (including any alleged failure for working off-the-clock in any position and any failure to properly or accurately compute wages, commission, bonus, and regular rate of pay) from the earliest date of your employment (including any employment with any subsidiaries, related entities, or companies that were acquired by DEKRA) until the date that you sign the Consent to Join form.  You will be barred from bringing such a claim in the future, and you will receive a monetary award based on the number of complete weeks you worked as a Lane Manager and/or Station Manager and/or Inspector during the Relevant Time Period, less attorneys' fees and costs described in Section VI. If you do not timely return your Consent To Join Form, you will not be bound by this settlement, and you will not receive a share of the settlement.

After all timely submitted Consent to Join Forms are received and all challenges resolved, the Claims Administrator will mail a settlement check to all Named Plaintiffs, and Qualified Claimants who worked in any state as a Lane Manager and/or Station Manager and/or Inspector during the Relevant Time Period and who timely filed a Consent To Join Form. This settlement check will be in full settlement of any and all claims you may have, known or unknown, for DEKRA's alleged failure to pay you overtime, bonus or commission, and/or work off-the-clock for work performed in any position from the earliest date of your employment (including any employment with any subsidiaries, related entities, or companies that were acquired by DEKRA) until the date that you sign the Consent to Join form. State and federal income, Social Security, and Medicare taxes will be withheld from one-half of your settlement check, and you will receive an itemized listing of these deductions and a W-2/1099 and/or other appropriate form setting forth the taxes withheld from your settlement payment.  If you timely file a Consent To Join Form, the settlement will be binding on you whether or not you cash the settlement check.  If you do not cash the settlement check within 180 days following the issuance of the check, your check will be void and the amount of your settlement will revert to DEKRA as directed by the Court. The parties anticipate that the settlement checks will be distributed by _____, 2005.

## VI.  ATTORNEYS' FEES AND COSTS

DEKRA has agreed to pay Plaintiff's attorneys fees and costs.  Plaintiff's attorneys fees are $40,000, which represents a forty percent contingency fee. In addition, DEKRA has agreed to pay for costs, and expenses incurred in representing the plaintiff, opt-in plaintiffs, and

-5-

Qualified Claimants in this matter from its investigation through court approval and the administration of the Agreement. This payment includes all costs of providing notice to potential qualified claimants, providing legal advice to potential qualified claimants regarding the terms of the Settlement and the release of claims contained therein, for answering questions from potential qualified claimants for administering the claims procedure, for supervising the payment of claims under this Agreement, and for providing representation to the plaintiff, opt-in plaintiffs, and potential qualified claimants in this action.

The Plaintiff's Attorneys are:

> JEREMI YOUNG
> RASANSKY LAW FIRM
> 2525 McKINNON AVE.
> SUITE 725
> DALLAS, TX 75201
> (214) 651-6100 – TELEPHONE
> (214) 651-6150 – FACSIMILE

## VII.  NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to file a Consent To Join Form, you will not be affected by the settlement of this lawsuit and you will not receive a monetary settlement. Any such relief would be obtainable by you only if you file your own lawsuit within the time provided by law and then you prevail on your claims in that lawsuit.

## VIII.  FURTHER INFORMATION AND ADDRESS OF THE PLAINTIFFS' COUNSEL

**PLEASE DO NOT CALL OR CONTACT THE COURT.** If you have any questions about the Settlement Agreement, you may contact the Claims Administrator toll-free at (___) _____, _____, _____, _____or the Plaintiff's Attorneys at the addresses and phone numbers listed above.

## IX.  ADDRESS OF DEFENSE COUNSEL

The address for DEKRA's counsel is:

> ROBERT F. FRIEDMAN
> LITTLER MENDELSON P.C.
> 2001 ROSS AVENUE, SUITE 2600
> DALLAS, TEXAS 75201-2931
> 214.880.8100 – TELEPHONE
> 214.880.0181 – FACSIMILE

-6-

## X.  OBTAINING COPIES OF THE SETTLEMENT AGREEMENT

You may obtain a copy of the Settlement Agreement from the Plaintiff's Attorneys.  Class members or their counsel may also examine the file of this case at the Office of the Clerk of the United States District Court for the Northern District of Texas, located at 1100 Commerce Street, 13th Floor, Dallas, Texas 75242, or at the plaintiff's attorneys' offices at the addresses shown in Section VI above.

## XI.  NO RETALIATION OR DISCRIMINATION

DEKRA has voluntarily agreed to the terms of the Settlement Agreement.  Both current and former DEKRA employees are eligible to participate in the settlement if they were employed as Lane Manager and/or Station Manager and/or Inspector during the Relevant Time Period.  DEKRA is committed to the terms of this settlement.  DEKRA will not retaliate or take any adverse action against you for participating in this settlement.  Federal law prohibits any such retaliation.

## XII.  NO OPINION EXPRESSED AS TO THE MERITS OF THE CASE

On _____ ____, 2005, the Court approved the Settlement Agreement and found that the Agreement was fair and reasonable.  However, the Court has expressed no opinion regarding the merits of the plaintiff's claims or DEKRA's liability.  **DO NOT WRITE OR CALL THE COURT REGARDING THIS SETTLEMENT.**

## XIII.  ADDRESS CHANGES

It is your responsibility to keep the Claims Administrator apprised of your correct address.  Please sign and mail any change of address along with your Social Security number, date of birth, former address and new address to: DEKRA Claims Administrator, c/o Settlement Services, Inc., **P. O. Box 1638, Tallahassee, Florida 32302-____.**

Dated: _____          _____

                                                     Clerk
                                                     U.S. District Court for the
                                                     Northern District of Texas

Dallas:142995.5 048288.1002

## CONE V. DEKRA EMISSION CHECK, INC.
Claims Administrator
c/o Settlement Services, Inc.
P.O. Box ____
Tallahassee, Florida 32302
(888) 567-1410

## COMPUTATION OF SHARE AND CHALLENGE FORM

[fname, lname]
[addr1, addr2]
[city, st, zip]

Social Security number:      [SSN]

Your share of the settlement is based on the number of weeks you were employed anywhere in the United States as a Lane Manager and/or Stations Manager and/or Inspector with DEKRA Emission Check, Inc. ("DEKRA") from January 17, 2003 through March 14, 2005. DEKRA's records show that, within these periods, you worked for DEKRA as Lane Manager and/or Station Manager and/or Inspector during the following specific dates: _____.

### INSTRUCTIONS

If you wish to participate in the settlement you need to return the enclosed Consent To Join Form to the Claims Administrator so that it is postmarked no later than _____, 2005.

If you wish to participate in the settlement but do not agree with the above employment dates you may challenge the dates by completing the sentence(s) below and returning this form to the Claims Administrator at the above address so that it is postmarked no later than _____, 2005. You must also return the enclosed Consent To Join card to the Claims Administrator by the same date.

Within the period January 17, 2003 and March 14, 2005, I believe I was employed by DEKRA as a Lane Manager and/or Station Manager and/or Inspector from:

Dates: _____, ____ to _____, _____
       month, day        year        month, day        year

Note: If you claim other dates of employment as a Lane Manager and/or Station Manager and/or Inspector, you hereby authorize the Claims Administrator to review your personnel file and make a determination based on your DEKRA personnel file regarding your correct employment dates. This determination may increase or decrease the amount of your settlement share. All such determinations are final and binding with no opportunity for further appeal.

I declare under penalty of perjury that the foregoing information supplied by the undersigned is true and correct and that this Computation of Share and Challenge Form was executed on this

day of _____, 2005, in _____, _____ _____ _____
        day                  month          city      state   zip

_____
signature

Dallas:142985.1 048288.1002